UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLEBERSON OLIVEIRA GOMES<br><br>    Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge, and TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>    Respondents. | Case No. _____<br><br>**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner Cleberson Oliveira Gomes is a Brazilian national. He entered the United States on May 12, 2024 and did not have the financial resources to hire an immigration lawyer, but intends on filing an Asylum application. After entering the United States, Petitioner was released on recognizance and placed into removal proceedings in Immigration Court.

2. Immediately following Petitioner's Immigration Court hearing, ICE has detained Petitioner and asserted that it can subject him to Expedited Removal—a process through which ICE may seek to immediately remove him without allowing him to see an immigration judge. ICE arrested him even though he is still subject to pending removal proceedings which the immigration judge did not terminate, and even though Petitioner intends to pursue relief from removal in those proceedings.

1

3. On information and belief, Petitioner was unlawfully detained by federal immigration agents on May 29, 2025, after he appeared in Chelmsford Immigration Court for a hearing.

4. At the hearing before Immigration Judge Nina Froes, the Department of Homeland Security's Office of the Principal Legal Advisor (OPLA) made an oral motion to terminate removal proceedings under 8 USC § 1229a against Petitioner. OPLA represented to the Immigration Court that Petitioner was doing so for the purpose of putting the Petitioner in Expedited Removal proceedings, a process with much narrower forms of relief available than those available to individuals in removal proceedings in Immigration Court. On information and belief, the government takes the position that people in expedited removal proceedings are not eligible for a bond hearing, but are rather mandatorily detained. *See* 8 U.S.C. § 1225.

5. Expedited Removal orders are issued without the typical process in the Immigration Court. Expedited removal orders are issued by an immigration enforcement official, not by an Immigration Judge. Expedited removal orders are not subject to appeal to the BIA and U.S. Court of Appeals. The potential forms of relief from the expedited removal process are much narrower and essentially require a showing of credible fear of return to the destination country, and adverse findings on credible fear are subject only to a limited review by an Immigration Judge without further review by the BIA. On information and belief, the government takes the position that people in expedited removal proceedings are not eligible for a bond hearing, but are rather mandatorily detained. *See* 8 U.S.C. § 1225.

6. In the instant case, Judge Froes had pointed out in an earlier case that to convert a client's

case to expedited removal and take away the process of removal proceedings was a violation of due process and not statutorily allowed. She gave the Petitioner 10 days to respond to the OPLA oral motion and a new hearing date for December 4, 2025. She did not terminate his proceedings at that time. The Petitioner was able to obtain pro bono immigration counsel who then requested a bond hearing with the court due to the knowledge that the Respondent would be detained, despite any legal authority to do so. The OPLA attorney and the judge stated they were not aware of ICE being present in the court or that such an arrest was imminent. The OPLA attorney indicated that he did not have "jurisdiction" to speak to the ICE officers outside the courtroom so that he could retrieve the paperwork necessary for the immigration judge to conduct a bond hearing. Although this was placed on the record, Judge Froes stated she could not proceed with a bond hearing since he was not detained. Thus, Petitioner remains in removal proceedings in Immigration Court pursuant 8 U.S.C. § 1229a.

7. Following the hearing, ICE arrested Petitioner outside the court building immediately after he left the building. The ICE officers reviewed the paperwork to see that the Petitioner had an upcoming hearing and arrested him anyway. Petitioner's Immigration Counsel asked if they could bring the paperwork that Judge Froes was missing so that we could have a bond hearing and those requests were ignored. Petitioner's Counsel asked that the ICE officers speak with the OPLA attorney, but they claimed that they did not have an attorney.

8. ICE arrested Petitioner for the sole purpose of placing him in Expedited Removal under 8 U.S.C. § 1225, even though Petitioner was already in removal proceedings before an Immigration Judge. Therefore, the basis of Petitioner's detention was unlawful.

9. On information and belief, Petitioner is currently in custody in the District of Massachusetts, and one or more of the Respondents is his immediate custodian.

10. Petitioner asks this Court to find that he was unlawfully detained and order his release.

## JURISDICTION

11. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

12. Venue is proper because Petitioner resides and was detained in Chelmsford MA, and on information and belief is detained in the District of Massachusetts.

## PARTIES

13. The Petitioner Cleberson Oliveira Gomes resides in Worcester, Massachusetts. He is a Brazilian national.

14. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

15. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

16. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

17. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

18. All respondents are named in their official capacities.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

19. On information and belief, Petitioner is currently being arrested and detained by federal agents without cause and in violation of his constitutional rights to due process of law.

20. On information and belief, Petitioner is currently being detained and subjected to Expedited Removal in violation of his constitutional right to due process of law.

21. Petitioner cannot be detained for, or subjected to, Expedited Removal because he is currently in removal proceedings in Immigration Court.

22. Challenges to "confinement and removal" under the Expedited Removal statute fall within the "core" of the writ of habeas corpus. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006-07 (2025); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, (2020) (holding attempt "to obtain additional administrative review of his asylum claim" after Expedited Removal order was outside the "core" of habeas relief).

23. Accordingly, to the extent 8 U.S.C. § 1252(e)(2) purports to preclude habeas review of whether Petitioner is ineligible for detention and removal via Expedited Removal due to his being in active removal proceedings in Immigration Court, that limitation violates the Suspension Clause and is void and without effect.

24. Indeed, if there were no judicial review whatsoever of the immigration agencies' determinations that someone is being unlawfully subject to Expedited Removal, then the immigration agencies would be free to find that essentially any arrested noncitizen without status is subject to Expedited Removal, in direct violation of the governing statutes, regulations, procedures, and safeguards required for removal proceedings by the laws and Constitution of the United States.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(6) Grant any further relief this Court deems just and proper.

Dated: May 30, 2025

Respectfully submitted,

*Shantanu Chatterjee*
Shantanu Chatterjee, Esq.
BBO No. 698677
Georges Cote LLP
235 Marginal Street
Chelsea, MA 02150
(617) 884-1000 (tel.)
shaan@georgescotelaw.com

*Counsel for Petitioner*