UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLEBERSON OLIVEIRA GOMES )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PATRICIA HYDE, Field Office Director, )<br>MICHAEL KROL, HSI New England Special )<br>Agent in Charge, and TODD LYONS, Acting )<br>Director U.S. Immigrations and Customs )<br>Enforcement, and KRISTI NOEM, U.S. Secretary )<br>of Homeland Security, )<br>)<br>Respondents. )<br>) | Civil Action No. 1:25-cv-11571-JEK |

### SUPPLEMENTAL BRIEF IN SUPPORT OF PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Petitioner Cleberson Oliveira Gomes, by and through his attorney, Shantanu Chatterjee, respectfully submits this supplemental brief in support of his Petition pursuant to 28 U.S.C. § 2241. At the Petitioner's last hearing before the Honorable Court on June 18, 2025, the Court asked both parties about the proper remedy in this case if the Court were to grant the Petitioner's petition. The Court then invited supplemental briefing on the matter.

1. **The Court May Order the Respondents to Release the Petitioner Because their Statutory Basis for the Petitioner's Detention Does Not Apply to Him.**

"[A] district court entertaining a petition for habeas corpus has inherent power to release the petitioner pending determination of the merits." *Gomes v. U.S. Dep't of Homeland Sec.*, 460 F. Supp. 3d 132, 144 (D.N.H. 2020) (quoting *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972)). In a recent habeas corpus case, Judge Brian E. Murphy ordered the respondents to release the petitioner because their proffered basis for the petitioner's detention did not apply to the petitioner. *See Martinez v. Hyde et al.*, No. 1:25-cv-11613-BEM, slip op. at 4 (D. Mass. June 17,

2025) (ordering that the Respondents release the Petitioner because 8 U.S.C. §1225 did not apply and "Respondents identify no other basis for Petitioner's detention."). In this case, the Petitioner is seeking precisely the same relief that Judge Murphy granted in *Martinez v. Hyde*.

Here, the Respondents' proffered statutory basis for the Petitioner's detention is improper; they are detaining someone already in the United States under a statute that applies only to "alien[s] seeking admission" at the time of their inspection at the border. *See* 8 U.S.C. § 1225(b)(2). The Respondents contend that they are no longer detaining the Petitioner pursuant to 8 U.S.C. § 1226, but rather 8 U.S.C. § 1225(b). *See* Doc. 7 at p. 2; Doc. 8 ¶ 6; Doc. 13, Exh. 5 (DHS Notice of Petitioner's Ineligibility for Bond). Taking the Respondents at their word, they are detaining the Petitioner based on a statute that "applies primarily to aliens seeking entry into the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) (citing 8 U.S.C. § 1225(b)). In this case, the Petitioner "effected an entry into the United States" when DHS released him on his own recognizance from Border Patrol custody on May 12, 2024, and placed him in full removal proceedings with the Immigration Court. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); Doc. 13, Exh. 5 ("The subject was released from the custody of the Department of Homeland Security (DHS) by 'Order of Recognizance' (O.R.) pending their immigration hearing."). The Respondents therefore waived their opportunity to detain the Petitioner under § 1225(b)(2) when the examining immigration officer at the border released the Petitioner on his own recognizance. Ordering the Petitioner's release is the proper remedy because the only basis proffered by the Respondents for his detention, § 1225(b)(2), does not apply to him.

## 2. In the Alternative, the Court May Conduct Its Own Bail Hearing.

If the Court is not inclined to order the Respondents to release the Petitioner, the Petitioner requests the Court to conduct a bail hearing in which the Government bears the burden of proof pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). If a noncitizen demonstrates "that detention is no longer reasonable," then "'the alien must be afforded a hearing before the habeas court at which the government bears the burden of justifying continued detention based on traditional bail factors such as the alien's risk of flight and potential danger to the community.'" *Flores-Powell v. Chadbourne*, 677 F.Supp.2d 455, 477 (D. Mass. 2010) (quoting *Alli v. Decker*, 644 F.Supp.2d 535, 541–42 (M.D. Pa. 2009) (reversed in part on other grounds)). In this case, the Court should conduct its own bail hearing to protect the Petitioner's Due Process rights because the Respondents' only basis for Petitioner's detention is inapplicable and therefore unreasonable. "The habeas court's determining whether a petitioner is entitled to release also serves the 'historic purpose of the writ,' namely, 'to relieve detention by executive authorities without judicial trial.'" *Id*. at 478 (quoting *Zadvydas*, 533 U.S. at 699).

Moreover, Immigration Court regulations preclude the Petitioner from seeking a second bond hearing with the Immigration Court. 8 CFR § 1003.19(e) permits a subsequent bond request to be filed with the Immigration Court only if "the alien's circumstances have changed materially since the prior bond redetermination." *Id*. A bail hearing with this Court would obviate the need for Petitioner to overcome this regulatory hurdle with the same Immigration Court that previously denied his prior bond request on June 12, 2025.

Dated: June 22, 2025                                            Respectfully submitted,

*Shantanu Chatterjee*
Shantanu Chatterjee, Esq.
BBO No. 698677

**CERTIFICATE OF SERVICE**

I, Shantanu Chatterjee, Counsel for Petitioner hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 22, 2025                                                      Respectfully submitted,

*Shantanu Chatterjee*
Shantanu Chatterjee, Esq.
BBO No. 698677
Georges Cote LLP
235 Marginal Street
Chelsea, MA 02150
(617) 884-1000 (tel.)
shaan@georgescotelaw.com

*Counsel for Petitioner*