UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLEBERSON OLIVEIRA GOMES<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director, MICHAEL KROL, HIS New England Special Agent in Charge, and TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement, and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents. | Civil Action No. 1:25-cv-11571-JEK |

**RESPONDENTS' SUPPLEMENTAL BRIEF**

At the hearing on June 18, 2025, this Court invited the parties to submit supplemental briefing on the question of what an appropriate remedy should be if this court were to find that Petitioner merits habeas relief. If this Court finds that Petitioner merits habeas relief,[1] this Court should issue an order directing the Immigration Court to conduct a bond hearing. *See Reid v. Donelan*, 390 F. Supp. 3d 201, 220 (D. Mass. Jul. 9, 2019) ("Once an alien's mandatory detention has become unreasonably prolonged in violation of due process, he is entitled to a bond hearing before an immigration judge, not immediate release"); *Alphonse v. Moniz*, 635 F. Supp. 3d 28, 39 (D. Mass. Oct.17, 2022) ("To be clear, the Court is not determining that he must be released from custody; rather, it is concluding that he is entitled to a bond hearing…..").[2] The government would

---

[1] Respondents maintain that the petition should be denied for the reasons set forth in its Response. Doc. 7.

[2] Although these decisions analyze mandatory detention under 8 U.S.C. § 1226(c), the court's reasoning as to the appropriateness of a bond hearing applies with equal force to

bear the burden of proving that Petitioner is either dangerous or a flight risk. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

Assuming *arguendo* that Petitioner merits habeas relief in the form of a bond hearing, the Court should order that the Immigration Court conduct such hearing, and not accept the Petitioner's invitation to hold such hearing itself. Given its expertise, the Immigration Court is best suited to conduct such a bond hearing. *See McCarthy v. Michigan*, 503 U.S. 140, 144 (1992) (noting that preserving agency authority is particularly important insofar as "the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise"); *see also Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021). Moreover, this Court can fashion its order in such a way to ensure that the hearing is conducted expeditiously. *See Perez v. Souza*, No. 20-cv-10414-PBS, 2020 WL 1514606, at *5 (D. Mass. Mar. 30, 2020) (ordering Immigration Judge to conduct bond hearing within ten calendar days); *De La Cruz Hernandez v. Moniz*, No. 21-cv-10625-PBS, 2021 WL 3174915, at *4 (D. Mass. May 24, 2021) (ordering Immigration Judge to conduct bond hearing within eight calendar days).

For the reasons, should this Court determine that habeas relief is appropriate, this Court should order the Immigration Court to conduct a bond hearing.

---

Petitioner's detention in this case, in which Petitioner also challenges his detention on due process grounds under the Fifth Amendment.

Respectfully submitted:

LEAH B. FOLEY
United States Attorney

Dated: June 23, 2025    By:    */s/ Nicole M. O'Connor*
NICOLE M. O'CONNOR
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3112
Email: nicole.o'connor@usdoj.gov

## CERTIFICATE OF SERVICE

I, Nicole M. O'Connor, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  June 23, 2025    By:    */s/ Nicole M. O'Connor*
Nicole M. O'Connor
Assistant United States Attorney

3